PRESTON C. REGEHR (6317)
BENJAMIN D. STANLEY (14337)
TechLaw Ventures, PLLC
Attorneys for Siskin Enterprises, Inc.
and PermaPlate Company, LLC
3290 Mayflower Way
Lehi, Utah 84043
Telephone: (801) 805-3688
Facsimile: (801) 852-8203

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SISKIN ENTERPRISES, INC, a Utah corporation and PermaPlate Company, LLC, a Utah limited liability company, its wholly owned subsidiary,<br><br>Collectively, Plaintiff,<br><br>vs.<br><br>DFTAR, LLC, a Florida limited liability company,<br><br>Defendant. | Case No.<br><br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, DILUTION, AND AN ACCOUNTING**<br><br><br>Judge<br>**JURY DEMANDED** |

Plaintiff, Siskin Enterprises, Inc. and its wholly owned subsidiary PermaPlate Company, LLC, complain of the defendant, DFTAR, LLC ("DFTAR"), and alleges as follows:

### NATURE OF THE CASE

1.      This is an action by Plaintiff for federal trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*, as well as violations of various state laws set forth herein.

### THE PARTIES

2.      Siskin Enterprises, Inc. is a Utah corporation incorporated in 1978, and PermaPlate

Company, LLC. is a Utah limited liability company organized 2002 as a wholly owned subsidiary of Siskin Enterprises, Inc., both having their principal offices at 2525 West Bridger Road, Salt Lake City, Utah 84104 (collectively Siskin Enterprises, Inc. and PermaPlate Company, Inc. may be referred to as "Plaintiff" or "Siskin"). Siskin develops, manufactures, distributes and sells automobile surface care and protection products and cleaners, including interior and exterior protections for automobile surfaces, including upholstery, interior screens, glass, mirrors, paint, undercarriage, carpet, metal, fiberglass, and paint surfaces. Siskin also provides extended warranties for automobile tires, wheels, windows, windshields, paint, cloth, carpet, fiber, leather, and certain out of pocket replacement expenses when a vehicle is stolen or totaled. Siskin's products are sold throughout the United States, to automotive dealerships, and similar channels, and also sold internationally. Siskin, or its predecessors in title, have marketed and sold automobile interior and exterior protective coatings and surface treatments for more than 42 years. Siskin is a market leader in automobile protective coatings and surface treatments in the automobile industry.

3.      On information and belief, defendant DFTAR, LLC was formed as a Florida limited liability company on March 28, 2018 and has its principal office at 5030 Champion Blvd., STE. G11-281, Boca Raton, Florida 33496. On information and belief, DFTAR was formed for the purpose of carrying out its automobile surface treatment business.

4.      On information and belief, DFTAR markets and sells automobile surface care and protection products and cleaners through a network of domestic automobile dealers and other resellers.

5.      On information and belief, since no later than July 1, 2018, DFTAR has been using as trademark "PermaSafe" in connection with its automobile surface care and protection products and cleaners, including in advertising on the Internet, at trade shows, and on social media.

6.      DFTAR is not licensed by Siskin to use "PermaSafe" or "Perma" as a prefix or other part of its mark, nor is DFTAR affiliated, sponsored, endorsed, connected, or associated in any way with Siskin or Siskin's products.

## JURISDICTION AND VENUE

7.      This is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*, as well as violations of the state laws set forth herein. The court has subject matter jurisdiction over this matter pursuant to (1) 28 U.S.C. §1331, which gives federal district courts original jurisdiction over claims brought under the laws of the United States, (2) 28 U.S.C. §1338(a), which gives the court jurisdiction over trademark and unfair competition claims, and (3) 28 U.S.C. §1332, which gives the court jurisdiction over actions where the matter in controversy exceeds $75,000 and is between citizens of different states.  This court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1367 and 1338.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

### A.      *Siskin's Marks have Prior Rights*

9.      On July 14, 2009, the United States Patent and Trademark Office issued to Siskin trademark Registration number 3,653,259 for the word mark PermaPlate, based on an application filed April 16, 2008, for use in the following goods and services:

> in International Class 001: *"chemical solution applied as a protection for cloth and carpeted fabric interior surfaces in vehicles; chemical solution applied to vehicle exterior painted surfaces to protect the finish thereof; chemical solution applied as a protection for interior leather surfaces in vehicles; and waterproofing chemical compositions, namely, water repellant, smoothing and protective surface coating compositions for use on windshields, windows and mirrors"*;

3

in International Class 002: *"coatings for automobiles and automobile paint, namely, protective coatings for automobile paint, metal, fiberglass, glass, and plastic; coatings in the nature of protective automobile finishing; rust inhibiting preparations in the nature of a coating for use on certain automobile surfaces; protective coating for use on interior and exterior automotive surfaces; chemical undercoating applied to vehicle undercarriages for protection and to reduce road related noise";*

in International Class 003: *"automobile polishes and automobile cleaning preparations; cleaning preparations for use on interior and exterior automotive surfaces, namely, wash concentrates and renewers for cleaning and maintaining the exterior of automotive surfaces; fabric cleaners and leather renewers for use in cleaning and/or protecting the upholstery, carpet, leather and other fabric areas of interior automotive surfaces; water repellant, smoothing and protective surface coating compositions for use on windshields, windows and mirrors;"*

in International Class 036, *"providing extended warranties on tires, wheels, windows, windshields, paint, cloth, carpet, fiber, leather, and certain out of pocket replacement expenses when a vehicle is stolen or totaled;"* and

in International Class 040: *"etching services, namely, etching of a sequence of traceable identification numbers and/or characters on automobile windows, so as to identify a particular automobile."*

10.     Siskin's registered mark PermaPlate has been used continuously since at least as early September 30, 2007 with the goods in International Class 1, since at least as early as December 31, 2007 with the goods in International Class 2, since at least as early as September 30, 2007 with the goods in International Class 3, since at least as early as November 11, 2007 with the services in International Class 36, and since at least as early as March 31, 2007 with the

4

services in International Class 40. This federal trademark registration is valid and incontestable under Section 15 of the Trademark Act. (Attached to this Complaint as Exhibit "A" is a true and correct copy of the USPTO's TEAS information for Registration No. 3,653,259.) Siskin's PermaPlate word mark registration is inherently distinctive and prima facie evidence of Siskin's exclusive right to use the mark in commerce that Congress can regulate.

11.    On January 14, 1997, the United States Patent and Trademark Office issued to Siskin trademark Registration number 2,029,927 for the word mark Perma-Plate (with a hyphen) for use with the following goods:

in International Class 002: *"coatings in the nature of protective automobile finishing;"* and

in International Class 003: *"automobile polishes."*

Siskin's mark Perma-Plate was used continuously with its registered goods in International Classes 2 and 3 since at least as early as October of 1978. Siskin phased into use of its Perma-Plate mark (i.e. moving to PermaPlate without the hyphen) beginning in 2007. Subsequent to switching from Perma-Plate to PermaPlate, the federal trademark registration for the mark Perma-Plate was allowed to lapse, and was just cancelled by the USPTO on April 24, 2020. (Attached to this Complaint as Exhibit "B" is a true and correct copy of Registration No. 2,029,927.) Siskin's Perma-Plate word mark registration is inherently distinctive and prima facie evidence of Siskin's exclusive right to use the mark in commerce for the period for which it was registered.

12.    Siskin continues to use its word trademark PermaPlate throughout the United States and internationally. Historical use and registration by Siskin of Perma-Plate, and its current use of PermaPlate, may be referred to collectively hereinafter as the "PERMA Marks".

13.    Since launching its business in 1978, Siskin has spent millions in advertising and promoting the PERMA Marks to automobile dealers and the public nationwide. These advertising and promotional efforts include tradeshows and other types of promotions and sponsorships, in the

credits and on the packaging of product supplied to automotive dealers and their service centers, email promotions, social media promotions and campaigns, demonstrations in service centers and dealerships, printed catalogues, in store advertisements, and Internet website advertisements, including through the following Internet websites:

-- www.PermaPlate.com

-- other websites of PermaPlate resellers

As a result of Siskin's efforts and the efforts of its employees, product representatives, and dealers, Siskin has developed extremely valuable trademark rights, including statutory and common law rights, in the PERMA Marks extending nationwide and internationally.

14.    As a result of continuous, widespread, substantial use and promotion, Siskin's PERMA Marks have acquired great value as an identifier of Siskin's goods and services.   Siskin has always used the PERMA Marks as its umbrella mark for its automobile surface care and protection products and cleaners.   For many years Siskin's products have been a leading automotive surface car, protection product and cleaner sold by automobile dealers of new and used vehicles.

15.    Siskin's PERMA Marks have become famous throughout the United States identifying Siskin in the automotive surface care and protection product industry, for its high product quality and excellent customer service, and its warranty and service contract claims support.

### B.    DFTAR's Unlawful Conduct

16.    On information and belief, at least as early as July 1, 2018, DFTAR commenced unauthorized and infringing uses of the words "Perma" and "PermaSafe" in connection with its automotive surface care and protection products and treatments.

17.    On information and belief, DFTAR's use of "Perma" and "PermaSafe", included

telephone sales and telephone promotional activities competitive with or related to Siskin's products sold under Siskin's PERMA Marks. Examples of DFTAR's use of "Perma" and "PermaSafe" are attached hereto as Exhibit C.

18.    On information and belief, there has been many instances of actual confusion of PermaPlate and PermaSafe in the marketplace caused by DFTAR's use of "Perma" and "PermaSafe" with DFTAR's products.

19.    On information and belief, DFTAR is using unauthorized and infringing uses of the prefix and term "Perma" with its automotive products, which are likely to cause confusion, mistake, or deception, and which have caused confusion, mistake, and deception, with Siskin's federally registered "PermaPlate" trademark. Before DFTAR adopted its use of variations or formatives of the PERMA Marks, (a) DFTAR had constructive knowledge under the Trademark Act, and (b) on information and belief DFTAR also had actual knowledge of Siskin's PERMA Marks, and their use with automobile surface care and protection products and treatments.

20.    On information and belief, before DFTAR adopted its use of PermaSafe as an intended variation of Siskin's PERMA Marks, DFTAR also knew that DFTAR's products and Siskin's products were used with as automobile surface care and protection products and treatments, and that both Siskin's and DFTAR's products were or would be marketed and sold to automobile dealerships, and through the Internet. On information and belief, DFTAR knew that marketing its products through automobile dealerships and on the Internet, while Siskin was marketing its products in the same channels of trade, would result in DFTAR marketing DFTAR's products in the same channels of trade as Siskin, including to Siskin's actual customers of Siskin's products branded with its PERMA Marks.

21.    Even though:

      (a)    DFTAR had constructive knowledge that the PERMA Marks are federally

registered trademarks of Siskin, and had actual knowledge of Siskin's marks and products sold under its PERMA Marks; and

        (b)      DFTAR had actual notice that Siskin's PERMA Marks were in widespread use in commerce including in sales to automotive service centers, parts shops, dealerships, and through the Internet; and

        (c)      DFTAR knew Siskin's PERMA Marks are distinctive and well known registered trademarks;

DFTAR intentionally adopted the PermaSafe mark, substantially or functionally identical to or formative of Siskin's PERMA Marks; and DFTAR knew, or ought to have known, that its products and channels of distribution would be overlapping with Siskin's PermaPlate products and distribution channels, and DFTAR knew or ought to have known that customers and potential customers might be confused, mistaken, or deceived as to the source of PermaSafe products, falsely believing that DFTAR's PermaSafe products were made by, sponsored by, affiliated with, or endorsed by Siskin and Siskin's PERMA Marks. On information and belief, DFTAR intended to trade on Siskin's good will in Siskin's PERMA Marks, and DFTAR knew or ought to have known that trademark confusion, mistake, or deception was possible or likely to happen.

22.       DFTAR's unauthorized and infringing use and exploitation of Siskin's registered trademarks as described above misappropriates, and poor product quality and poor service from DFTAR undermines and tarnishes, the name, business reputation, trademark rights, and goodwill of Siskin, and unjustly enriches DFTAR, by enabling DFTAR to obtain unfairly the benefits of Siskin's service record, marketing, advertising, brand recognition, and past sales of Siskin's products bearing the PERMA Marks. DFTAR has capitalized on the high-quality products and service, and long standing reputation and goodwill associated with Siskin and its PERMA Marks to enhance DFTAR's sales, promotion, recognition, and acceptance of its products.

8

23.     DFTAR's conduct creates and has created actual confusion, mistake, and deception—and an ongoing likelihood of confusion, mistake, and deception—as to the source and quality of DFTAR's products.  DFTAR has further sought to mislead its consumers and potential customers into believing DFTAR's products and service are of a quality, effectiveness, source, and reputation similar or identical to Siskin's products.  Moreover, DFTAR's conduct has diluted and tarnished the quality, reputation and distinctiveness of the PERMA Marks and has caused and continues to cause Siskin to suffer irreparable injuries for which Siskin has no adequate remedy at law. Siskin has no adequate remedy at law in that, among other things: (a) the damages to Siskin are not precisely and fully ascertainable; and (b) DFTAR's acts injure and threaten to continue to injure Siskin and its PERMA Marks.

24.     DFTAR's unlawful acts complained of herein will cause further irreparable injury to Siskin if not restrained by this Court from further violation of Siskin's rights.

25.     DFTAR has gained profits and advantages as a result of its unlawful acts, in an amount to be proven at trial.

26.     Siskin has suffered monetary loss as a result of DFTAR's unlawful acts, and such acts have caused Siskin general and special damage, including loss of profits and deprivation of the benefit and value of the goodwill attached to Siskin's trademarks, in an amount to be proven at trial.

## FIRST CAUSE OF ACTION
### (Trademark Infringement, Lanham Act, 15 USC § 1141(1))

27.     Siskin restates and incorporates by reference the allegations set forth above in Paragraphs 1 through 26 inclusive, above.

28.     Siskin's PermaPlate trademark is federally registered on the USPTO's Principal Register.  As to the marks "PermaPlate" and "Perma-Plate", Siskin is the owner and senior user of any mark that includes "PERMA" with products for automobile surfaces.

29.     DFTAR's conduct, as described above, constitutes the use in commerce of a colorable imitation, i.e. an infringement of Siskin's registered PERMA Marks, and is likely to cause confusion, mistake, or deception in the minds of the purchasing public as to the source, quality, reputation, or origin of DFTAR's products.

30.     DFTAR's conduct, as described above, has in fact caused actual confusion, mistake, or deception in the purchasing public as to the source, quality, reputation, sponsorship, affiliation, endorsement, or origin of DFTAR's PermaSafe products.

31.     Siskin has not consented to DFTAR's use of PermaSafe or of any mark containing "Perma".  DFTAR had constructive and actual notice that Siskin is the owner and senior user of the nearly identical marks it is now using. DFTAR knows that Siskin has marketed its PermaPlate products under its PERMA Marks and through automobile dealers and its Internet websites, including www.PermaPlate.com, and on other websites.

32.     DFTAR's use of the designations "PermaSafe" as marks with surface protectants, surface protectants for automobile interiors, cleaning preparations, and other preparations and coatings, were undertaken by DFTAR with the intent to confuse, mislead, and deceive the public, and to trade on Siskin's goodwill.

33.     Accordingly, Siskin has been and continues to be damaged by DFTAR's use of "PermaSafe", in print and as a mark spoken audibly or phonetically, in connection with automobile surface products, and DFTAR's conduct is therefore in violation of 15 U.S.C. § 1114(1).

## SECOND CAUSE OF ACTION
### (Federal Unfair Competition / False Representations and False Advertising, LANHAM ACT, 15 U.S.C. § 1125(A))

34.     Siskin restates and incorporates by reference the allegations set forth above in Paragraphs 1 through 33 inclusive, above.

10

35.     Siskin's PERMA Marks have become uniquely associated with Siskin and hence identify Siskin as the source of products bearing the PERMA Marks and "Perma" prefixed marks for automobile surface care and protection products.  DFTAR's use in commerce of "PermaSafe" as described above is confusingly similar to Siskin's PERMA Marks.  DFTAR's commercial advertising and promotion in interstate commerce of "PermaSafe" branded products, and product sold at by DFTAR's resellers and at DFTAR's websites, constitutes passing off, unfair competition, a false designation of origin, a false and misleading representation, and wrongfully and falsely designates DFTAR's products, including its automobile interior and exterior treatments, surface and air sanitation systems and protective coatings, as originating from, or being sponsored by, affiliated with, endorsed by, or connected with, Siskin.   Usage of "PermaSafe" by DFTAR, including in DFTAR's websites, in connection with the advertising and sale of automobile surface products and air sanitation systems and protective coatings, is likely to cause, and has caused, confusion, mistake, and deception in the purchasing public, as to the source quality, sponsorship, affiliation, endorsement, or origin of DFTAR's products, and is likely to cause the purchasing public to believe or continue to believe, wrongly, that DFTAR's "PermaSafe" products are associated or connected with Siskin or the PERMA Marks and products bearing the PERMA Marks.

36.     By engaging in the activities described above, DFTAR has made and is making false, deceptive, and misleading statements constituting false representations and false advertising and promotional activities, communicating through emails, advertising, telephone sales calls and in-person promotion to DFTAR's potential customers and to Siskin's actual customers, in connection with goods distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37.     DFTAR's acts described above have caused and are causing irreparable injury to

11

Siskin and its PERMA Marks, and to the business and goodwill represented thereby, and unless

enjoined, will cause further irreparable injury, whereby Siskin has no adequate remedy at law.

## THIRD CAUSE OF ACTION
### (COMMON LAW AND UTAH UNFAIR COMPETITION)

38.     Plaintiff Siskin restates and incorporates by reference the allegations set forth above

in Paragraphs 1 through 37 inclusive, above.

39.     As set forth herein above, on information and belief, DFTAR's actions are willful

and intentional, have caused, and are likely to cause confusion, mistake, and deception among the

purchasing public as to the source or origin and quality of DFTAR's products and services, relative

to Siskin's PERMA Marks.

40.     As a direct and proximate result of DFTAR's conduct, Siskin has been and continues

to be damaged.

41.     DFTAR's acts, as set forth above, including its use of the Internet to advertise its

products bearing "Perma" and "PermaSafe" marks, constitute common law trademark

infringement, evidences DFTAR intentionally or recklessly intends to defraud or materially cause

damage or disruption to any computing resources or to the owner of any computing resources, and

malicious cyber activity, all in violation of the Utah Unfair Competition Act, including under

Section 13-5a- 102 and 13-5a-103 of the Utah Code Ann.

## FOURTH CAUSE OF ACTION
### (FEDERAL TRADEMARK DILUTION – 15 U.S.C. § 1125(c))

42.     Plaintiff Siskin restates and incorporates by reference the allegations set forth above

in Paragraphs 1 through 41 inclusive, above.

43.     Siskin is the owner and senior user of its PERMA Marks as described above.

44.     Siskin's PermaPlate trademark is federally registered on the Principal Register,

incontestable under Section 15 of the Lanham Act, inherently distinctive, well known, and famous

among automobile dealers.

45.    DFTAR's conduct and adoption and use of "PermaSafe" as described above has diluted the distinctive quality, fame, reputation, value, and goodwill associated with Siskin's PERMA Marks for Siskin's goods and services.

46.    DFTAR willfully intended to trade on Siskin's reputation and goodwill, and to cause dilution of Siskin's Marks as set forth herein.

47.    Siskin has been and continues to be damaged by DFTAR's unlawful conduct. Accordingly, DFTAR's said acts are unlawful in violation of 15 U.S.C. 1125(c).

## FIFTH CAUSE OF ACTION (UTAH TRADEMARK DILUTION)

48.    Plaintiff Siskin alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 47 inclusive, above.

49.    Siskin is a well-known company and manufacturer and distributor of automobile protective coatings and interior and exterior surface treatments with offices or the headquarters in Utah since 1978. Siskin's PERMA Marks have been or are federally registered on the Principal Register, and were first used beginning in the State of Utah on or before 1978, and have been continuously and widely used, advertised, and publicized in the State of Utah, and are famous marks in the State of Utah.

50.    DFTAR began use of "PermaSafe" on or about July 1, 2018, which is after Siskin's PERMA Marks had become famous in Utah.

51.    DFTAR willfully intended to trade on Siskin's reputation and to cause dilution of Siskin's famous PERMA Marks.

52.    Siskin has been and continues to be damaged by DFTAR's unlawful conduct. Accordingly, DFTAR's said acts are unlawful in violation of Section 70-3a-403 Utah Code Ann.

**SIXTH CAUSE OF ACTION (ACTION FOR ACCOUNTING)**

53.    Plaintiff Siskin alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 52 inclusive, above.

54.    By wrongly continuing to use the confusing and infringing the PERMA Marks, and thus representing to DFTAR's customers, potential customers, and the public that DFTAR is entitled to use "Perma" and "PermaSafe", DFTAR acted in conflict with Siskin's rights in and to Siskin's registered PERMA Marks.

55.    Siskin is entitled to an order that DFTAR account to Siskin for all DFTAR's profits realized by virtue of DFTAR's unlawful acts as set forth herein, including for all "PermaSafe" products sold.

56.    Siskin is entitled to review all of DFTAR's business records to determine the extent to which DFTAR wrongfully profited from use of DFTAR's confusing and infringing "PermaSafe" designated products.

**PRAYER FOR RELIEF (JURY TRIAL DEMANDED)**

**WHEREFORE**, Plaintiff Siskin respectfully prays for judgment in its favor and against DFTAR as follows:

1.    For a preliminary and permanent injunction, enjoining and restraining DFTAR, its agents, servants, representatives, successors, assigns, and others in active concert or participation with them,

      a.    From using the PERMA Marks, or any variations thereof, including the from using "Perma" alone as a mark, or with any other word, words, terms, or designations confusingly similar with the PERMA Marks, or with any mark likely to cause injury to Siskin, in connection with any goods, services or products, or sham goods, services or sham products, on the Internet or distributed through any other channel or trade or medium; and

b.      From using any other trademark, service mark, trade name, corporate or entity name, domain name, word or symbol, and from doing any other acts, likely to induce the belief that DFTAR's goods, services, sham goods, sham services, or business are Siskin's products, goods, services, or business, or that DFTAR is in any way connected or associated with, or sponsored, affiliated or endorsed by, Siskin or Siskin's products, services, or business, or from doing any other acts likely to injure Siskin's business reputation or to dilute the distinctive quality of the PERMA Marks; and

c.      From otherwise engaging in acts of unfair competition, dilution of Siskin's trademarks, and interference with Siskin's business reputation and relationships; and

d.      For an order that DFTAR recall, and destroy or acceptably re-label, all product currently sold to automobile dealers or other resellers, or in the channels of trade and distribution, that are branded with PermaSafe, any mark containing "PERMA", or anything confusingly similar with the PERMA Marks, including any products, bottles, posters, videos, and advertising and promotional materials, and removal of products from DFTAR's websites, and third party websites; and

e.      For an order that DFTAR expressly abandon with prejudice any federal or state trademark application that includes Perma, Perma Safe, or PermaSafe as all or part of the mark, specifically including express abandonment of U.S. Application Serial numbers 88/509,900 and 88/554,413; and

f.      With an injunction directing DFTAR to file with the Court and serve on Siskin within thirty (30) days after the service on DFTAR of such injunction, a report in writing under oath setting forth in detail the manner and form in which DFTAR has complied with the injunction.

2.      For an order holding that DFTAR's activities relative to its use of PermaSafe and

DFTAR's advertising, as set forth above constitute unfair competition, false designation of origin, false representation and false advertising under the Lanham Act.

3.      For an order holding that DFTAR's activities relative to its use of PermaSafe and DFTAR's advertising, constitute common law trademark infringement, unfair competition, unfair trade practices, intentional interference with economic advantage, and misappropriation under the federal Lanham Act and under the laws of the State of Utah.

4.      For an order holding that DFTAR's activities relative to its use of PermaSafe and DFTAR's advertising, constitute trademark dilution of Siskin's PERMA Marks under the federal Lanham Act and under the laws of the State of Utah.

5.      For an accounting of DFTAR's profits including from sales involving PermaSafe branded goods or services, as requested herein.

6.      For damages equal to three times the amount of damages suffered by Siskin, or the profits of DFTAR from its PermaSafe goods and services.

7.      For punitive damages in an amount to be determined at trial.

8.      For prejudgment interest.

9.      For an order that DFTAR pay Siskin's attorneys' fees, and allowable costs associated with this action.

10.     For such other relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED.**

DATED this 8th day of May, 2020.

                    _____/s/ Ben Stanley_____
                    Benjamin D. Stanley
                    Preston C. Regehr
                    TechLaw Ventures, PLLC
                    Attorneys for Plaintiffs
                    Siskin Enterprises, Inc. and PermaPlate Company, LLC