IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SISKIN ENTERPRISES, INC., and PERMAPLATE COMPANY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DFTAR, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:20-cv-00304-JNP<br><br>District Judge Jill N. Parrish |

## INTRODUCTION

Before the court is a Partial Motion to Dismiss filed by Defendant DFTAR, LLC ("DFTAR"). Plaintiffs Siskin Enterprises, LLC ("Siskin") and Permaplate Company, LLC ("Permaplate") (collectively "Siskin" or "Plaintiffs") assert five causes of action against DFTAR. DFTAR moves to dismiss Siskin's third, fourth, and fifth causes of action under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth herein, the court GRANTS IN PART and DENIES IN PART DFTAR's Motion.

## BACKGROUND

Siskin develops, manufactures, and sells products designed to protect and clean the interior and exterior surfaces of automobiles. In 2009, the Patent and Trademark Office issued to Siskin trademark registration number 3,653,259 for the word mark "PermaPlate" for use in a variety of goods and services related to the maintenance of automobile surfaces. Siskin also held a trademark, registration number 2,029,927, for the word mark "Perma-Plate" from 1997 until its cancellation in April 2020. It has continuously used the marks "as its umbrella mark for its automobile surface

care and protection products and cleaners." ECF No. 2 ¶ 14. It advertises and markets these products nationwide through tradeshows, on its packaging, and through various other print and electronic media. Siskin alleges that "Siskin's [Perma] marks have acquired great value as an identifier of Siskin's goods and services." ECF No. 2 ¶ 14.

DFTAR also markets and sells products related to the care of automobile surfaces. Siskin alleges that since at least July 1, 2018, DFTAR has been using the word mark "PermaSafe" in connection with its products, including in its marketing materials on the internet and social media and at trade shows. Siskin asserts that DFTAR had both constructive and actual knowledge that Siskin held a federally registered trademark for the Perma marks at the time it began using the PermaSafe mark. Siskin further asserts that DFTAR's use of the prefix "Perma" is likely to cause and has likely already caused "confusion, mistake, or deception" among customers and potential customers because these customers may falsely believe that DFTAR's Permasafe products were made by or affiliated with Siskin. *Id.* ¶¶ 19, 21. According to Siskin, DFTAR's "poor product quality and poor service . . . undermines and tarnishes[ ] the name, business reputation, trademark rights, and goodwill of Siskin . . . ." *Id.* ¶ 22.

As a result of DFTAR's alleged acts, Siskin brings the following claims: (1) trademark infringement under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, (2) unfair competition, false representations and false advertising under the Lanham Act, (3) unfair competition under the Utah Unfair Competition Act ("UUCA"), UTAH CODE § 13-5a-101, *et seq.* and the Utah common law,[1] (4) trademark dilution under the Lanham Act, (5) trademark dilution under Utah Code Section 70-

---

[1] As explained below, there exists some confusion as to whether Siskin asserts this cause of action under the UUCA, the common law, or both.

3a-403, and (6) an action for accounting of profits DFTAR derived from unlawful use of Siskin's trademark. Siskin seeks an injunction prohibiting DFTAR's further use of the Perma marks and an award of money damages. In the motion before the court, DFTAR moves to dismiss the third, fourth, and fifth causes of action under Rule 12(b)(6) for failure to state plausible claims for relief.

## LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The complaint must allege more than labels or legal conclusion and its factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

## DISCUSSION

I.   **Federal and State Trademark Dilution (Fourth and Fifth Causes of Action)**

Siskin brings claims for trademark dilution under federal and state law as its fourth and fifth causes of action. DFTAR moves the court to dismiss these causes of action under Rule 12(b)(6) for failure to state a claim for relief. In its Memorandum in Opposition to the DFTAR's Motion, Siskin stipulated to the dismissal of these claims, explaining that doing so would "simplify discovery and get to the heart of the issues." ECF No. 17 at 2. Accordingly, the court dismisses Siskin's fourth and fifth causes of action.

## II.     Unfair Competition (Third Cause of Action)

There is some confusion as to whether Siskin brings its unfair competition claim under the UUCA or under Utah common law. The court first outlines the elements of claims under both the UUCA and the common law and then addresses the confusion.

### A.     Statutory Unfair Competition under the Utah Unfair Competition Act

The UUCA creates a private cause of action for those "injured by unfair competition." UTAH CODE § 13-5a-103(1)(a). "Unfair competition" is defined as "an intentional business act or practice that":

> (i)(A) is unlawful, unfair, or fraudulent; and
>
> (B) leads to a material diminution in value of intellectual property; and
>
> (ii) is one of the following:
>
> (A) malicious cyber activity;
>
> (B) infringement of a patent, trademark, or trade name;
>
> (C) a software license violation; or
>
> (D) predatory hiring practices.

*Id.* § 13-5a-102(4)(a)(i)(A)–(D).

DFTAR argues that Siskin has failed to state a claim under the UUCA because an allegation of trademark infringement alone does not support a claim under the UUCA. To state a claim under the UUCA, DFTAR argues that a plaintiff must allege further unlawful, unfair, or fraudulent business acts in addition to trademark infringement. It contends that Siskin alleged no unlawful business acts by DFTAR other than the use of the Perma mark and that its claim under the UUCA must be dismissed.

While the Utah Supreme Court has not addressed this issue, several federal district courts in Utah have. The first of these was *Klein-Becker USA, LLC v. Home Shopping Network, Inc.*, No. 2:15-cv-00200 PGC, 2005 WL 2265007 (D. Utah Aug. 31, 2005)). In that case, the court stated:

> [Plaintiff] alleges that it is enough, under the Act, to allege trademark infringement to survive a motion to dismiss. But [defendant] is correct in arguing that the Act requires something more—namely, allegations of a practice that is "unlawful, unfair, or fraudulent"—as the elements of a violation are set out conjunctively . . . . [I]t is clear that [plaintiff's] straight "trademark infringement" claim does not meet all three elements of the statutory claim. Whatever "unlawful, unfair or fraudulent" means, it means that Klein–Becker must plead something to have a viable claim under the Act beyond simply "trademark infringement."

*Id.* at *6. The two cases DFTAR relies on in its brief, *Poison Spider Bicycles, Inc. v. TAP Mfg., LLC*, No. 2:16-cv-00148, 2018 WL 836364, at *8 (D. Utah February 12, 2018) and *Eleutian Tech., Inc. v. Ellucian Co., L.P.*, No 2:15-CV-00649, 2017 WL 680393, at *10 (D. Utah Feb. 21, 2018), cite *Klein-Becker* for the proposition that a plaintiff must prove "infringement-plus" to succeed on a claim for unfair competition under the UUCA. But these two cases provide no reasoning for this conclusion; they simply rely on the *Klein-Becker* court's decision without further analysis.

The court is not bound by these prior decisions and it disagrees with their interpretation of the UUCA. The plain language of the Act does not require that a plaintiff allege behavior that is both trademark infringement *and* unlawful or fraudulent in some *other* way. Rather, Paragraph 13-5a-102(4)(a) is better read as explaining that "unfair competition" is defined as an unlawful, unfair, or fraudulent business act and clarifying that only certain kinds of unlawful, unfair, or fraudulent business acts can provide the basis for a claim under the UUCA. In other words, Sub-paragraphs 13-5a-102(4)(ii)(A)–(D) narrow the field of unlawful business acts that are actionable under the UUCA. Trademark infringement is one of these. *See* UTAH CODE 13-5a-102(4)(a)(ii)(B). Thus,

5

while the statute is phrased "conjunctively," as the *Klein-Becker* court observed, one of the conjuncts, Sub-paragraph 13-5a-102(4)(ii), narrows the first conjunct, Sub-paragraph 13-5a-102(4)(i). Because trademark infringement is by its nature unlawful, unfair, or fraudulent, an allegation of trademark infringement alone—assuming that a plaintiff has also sufficiently alleged that such infringement "leads to a material diminution in value of intellectual property"—suffices to state a claim for unfair competition under the UUCA.

### B. Common Law Unfair Competition

In its motion to dismiss, DFTAR only addresses unfair competition under the UUCA.[2] In its response memorandum, Siskin only addresses common law unfair competition. In short, the parties fail to engage. The court therefore begins by addressing the elements of a claim for common law unfair competition.

Utah courts recognize a common law cause of action for unfair competition. *See Overstock.com, Inc. v. SmartBargains, Inc.*, 192 P.3d 858, 859–60 (Utah 2008). Under Utah common law, "unfair competition includes—but is not limited to—passing off, palming off, imitating, and causing or likely causing confusion or deception." *Id.* (citations omitted). While Siskin alleges that DFTAR's use of the Perma marks "is likely to cause, and has caused, confusion, mistake, and deception in the purchasing public," ECF No. 2 ¶¶ 35, 38–41, it is unclear whether Siskin asserts that these facts give rise to a claim for common law unfair competition. This is because Siskin, under its Third Cause of Action, confusingly states that these facts "constitute common law trademark infringement . . . in violation of the Utah Unfair Competition Act." *Id.* ¶

---

[2] The parties have not briefed the potential issue of preemption, but the UUCA does not purport to preempt any common law claims for unfair competition.

41. It is therefore unclear whether Siskin asserts a cause of action for unfair competition under the common law, the UUCA, or both.

        C.        **Confusion in the Complaint and the Parties' Memoranda**

Several factors contribute to the confusion in this case. Siskin's Third Cause of Action is vaguely titled "Common Law and Utah Unfair Competition," rendering it unclear under what authority it asserts this cause of action—the common law, the UUCA, or both. And while DFTAR's Motion to Dismiss addresses only the UUCA, Siskin's response addresses only the common law. The court is therefore unable to determine, based on the Complaint and the confusing memoranda filed by the parties, what claims Siskin alleges and what claims DFTAR moves to dismiss. Further adding to the confusion are Siskin's allegations in its Third Cause of Action that DFTAR engaged in "malicious cyber activity" that "materially cause[d] damage or disruption to any computing resources or to the owner of computing resources." ECF No. 2 ¶ 41. Upon questioning at oral argument, counsel for Siskin asserted that these allegations were included in its Complaint due to clerical error and clarified that it is alleging trademark infringement, not malicious cyber activity. It is unclear why counsel for Siskin waited until oral argument to notify the court or opposing counsel that these allegations were included in error, especially in light of the fact that counsel for DFTAR addressed the malicious cyber activity claims in its motion. *See* ECF No. 12 at 13.

Due to this confusion and in order to afford Defendant fair notice of the claims against which it must defend, the court denies DFTAR's motion to dismiss the Third Cause of Action without prejudice and orders Siskin to amend its Complaint to clarify what causes of action it asserts and the allegations supporting them. Specifically, Siskin must remove the Fourth and Fifth Causes of Action from its Amended Complaint and clearly articulate whether it asserts its claim for unfair competition under the UUCA, the Utah common law, or both. It must also, in accordance

with the *Twombly/ Iqbal* pleading standards, include sufficient factual matter to support its claims for relief.

## CONCLUSION AND ORDER

For the reasons set forth herein, the court GRANTS IN PART and DENIES IN PART DFTAR's Motion to Dismiss. Specifically, the court GRANTS DFTAR's Motion to Dismiss Siskin's Fourth and Fifth Causes of Action. These claims are DISMISSED. Given the substantial confusion relating to Siskin's Third Cause of Action, the court DENIES DFTAR's Motion to Dismiss Siskin's Third Cause of Action without prejudice and ORDERS Siskin to file an amended complaint in accordance with this memorandum decision.

DATED February 25, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge